UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Spencer Sterling Savage, | Case No. 25-CV-4123 (JMB/ECW) |
| Plaintiff, | |
| v. | ORDER |
| City of Cambridge, County of Isanti, Officer Cristiano Rosa *(individual capacity)*, Sergeant Matthew Giese *(individual capacity)*, Deputy Jonathon Vander Vegt *(individual capacity)*, Kari Sue Collin *(individual capacity)*, and John/Jane Does 1–10, | |
| Defendants. | |

---

This case comes before the Court on Plaintiff Spencer Sterling Savage's Second Amended Complaint (Doc. No. 8 [hereinafter, "Compl."),[1] as well as his Application to Proceed in District Court Without Prepaying Fees or Costs (IFP Application) (Doc. No. 2; *see also* Doc. No. 9 (supplementing income information)). For the following reasons, the Court dismisses much, but not all, of this action and grants the IFP Application.

According to the Complaint, on the night of March 17, 2023, Savage was pulled over in Cambridge, Minnesota, by Defendant Officer Cristiano Rosa of the Cambridge

---

[1] Under Federal Rule of Civil Procedure 15, after first amending a complaint under Rule 15(a)(1), a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.* Given that Savage filed his Second Amended Complaint while his IFP Application was still pending and prior to any appearance by any Defendant in this action, the Court approves the second amendment.

Police Department ("CPD") for a suspected headlight violation. (*See* Compl. ¶¶ 1, 13.) Rosa asked Savage to open the car door, which he promptly did. (*Id.* ¶ 3.) Savage had a passenger in his vehicle, Defendant Kari Sue Collin, whom Rosa appeared to recognize. (*See id.* ¶ 14.) Another officer on the scene remarked that "she" (presumably a reference to Collin) "had a lot of contacts with the drug task force and stuff," suggesting that Collin was known to law enforcement. (*Id.* ¶ 16.) Within 13 seconds of when Savage opened the door at Rosa's direction, Rosa asked Savage if he had any weapons, despite Savage displaying "no objective signs of nervousness" or threat. (*Id.* ¶ 17; *see also* Doc. No. 8-1 at 6–7.)

The encounter then allegedly escalated. Savage was removed from the vehicle and placed in handcuffs. (*See id.* ¶ 18.) Rosa's supervisor, Defendant Sergeant Matthew Giese, who had arrived to assist, proceeded to search a Yeti container inside Savage's vehicle and claimed to discover methamphetamine inside. (*See id.*; *see also* Doc. No. 8-1 at 3.) Savage was then arrested and later charged in state court with multiple drug offenses. (*See* Compl. ¶ 19.) Rosa and Giese coauthored the criminal complaint and probable-cause statement supporting the charges, which Savage alleges included false or fabricated assertions. (*See id.* ¶¶ 19, "22–27".) Defendant Deputy Jonathon Vander Vegt of the Isanti County Sheriff's Office was listed as a witness in Savage's criminal case (and in two other related cases that the Complaint references), but the precise nature of his involvement in Plaintiff's arrest is not detailed. (*See id.* ¶¶ 20–21.)

Because of the arrest and charges, Savage alleges that he was detained in jail for six days and suffered various harms. (*See id.* ¶ 22.) His name was published in a local

2

"newsflyer," allegedly causing reputational damage. (*Id.*) He also claims the incident exacerbated symptoms of his pre-existing post-traumatic stress disorder. (*See id.*)

On April 24, 2024, the state-court judge presiding over Savage's criminal case issued an order suppressing all evidence obtained during the traffic stop and dismissed the charges against Savage. (*See, id.* ¶ 23; Doc. No. 8-1.) In that order (attached as an exhibit to the complaint), the court found that Rosa had unlawfully expanded the scope of the traffic stop by inquiring about a weapon without any reasonable basis, thereby violating Savage's Fourth Amendment rights. Because the inquiry about a firearm was not supported by reasonable suspicion, "any evidence discovered after the inquiry [was] suppressed and the resulting charges [were] dismissed." (Doc. No. 8-1 at 7.)

Based on this conduct, the Complaint presses three causes of action. (*See* Compl. 4.) First, Savage brings a section 1983 claim against Rosa, Giese, Vander Vegt, and Collin for violating his Fourth Amendment rights (specifically, for unreasonable search and seizure and false arrest). (*See id.*) Second, he advances a *Monell* claim[2] against the City of Cambridge and the County of Isanti, alleging that policies, customs, and failures to train and supervise caused the constitutional violations. (*See id.*) Third, he alleges a conspiracy under sections 1983 and 1985(3). (*Id.*)

For relief, Savage seeks compensatory and punitive damages. (*See id.*) He also seeks "[d]eclaratory and injunctive relief," including unspecified "retraining" and "policy reform." (*Id.*)

---

[2] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Rather than pay this action's filing fee, Savage filed the IFP Application. His filings are adequate to show that as a financial matter, Savage qualifies for *in forma pauperis* ("IFP") status. (*See* Doc. Nos. 2, 9.) Under the federal statute governing IFP matters, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP matter] at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) refers to dismissing "the case," but this District's courts routinely use § 1915(e)(2) to dismiss portions of actions, as well. *E.g.*, *Perkins v. Daniels*, No. 19-CV-2663 (SRN/ECW), 2020 WL 6121268, at *2 (D. Minn. July 13, 2020), *report and recommendation adopted*, No. 19-CV-2663-SRN-ECW, 2020 WL 5495229 (D. Minn. Sept. 11, 2020).

When determining if a complaint states a claim on which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (citations omitted). A complaint's factual allegations need not be detailed, but they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court's determination of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." *Id.* at 679; *Zink*, 783 F.3d at 1098 (citation omitted). Courts should construe *pro se* complaints "liberally," but such pleadings must still allege enough facts to support the

4

claims advanced. *Sandknop v. Mo. Dep't of Corrs.*, 932 F.3d 739, 741 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Count I alleges that Rosa, Giese, Vander Vegt, and Collin violated Savage's rights under the Fourth Amendment.[3] (*See* Compl. at 4.)  In light of the state-court suppression order, for purposes of screening under 28 U.S.C. § 1915, the Court assumes that the Complaint pleads sufficient facts to state a Fourth Amendment claim against Rosa and Giese in their individual capacities.[4]  That leaves Vander Vegt and Collin.

As for Vander Vegt, the Court concludes that the Complaint fails to state a claim against him.  The Complaint alleges that Vander Vegt was present at the traffic stop and was listed as an "additional witness" in certain state criminal cases. (*See id.* ¶¶ 20–21.) The Complaint, however, alleges no specific conduct by Vander Vegt that might violate the Fourth Amendment. (*See id.*)

With respect to Collin, she is a private citizen, so she can be liable under section 1983 only if her conduct is fairly attributable to the State (e,g., by jointly participating with

---

[3] The Eighth Circuit applies a "course of proceedings" test to determine the capacity in which a § 1983 defendant is sued. *See, e.g.*, *S.A.A. v. Geisler*, 127 F.4th 1133, 1137 (8th Cir. 2025) (en banc).  Under that test, the key question is whether the allegations and relief sought would put a defendant on notice that the plaintiff is pursuing individual liability. *See id.* at 1139–40.  Because Savage seeks punitive damages and refers in the caption to suing each named individual in his or her "individual capacity" (*see* Compl. at 1, 4), the Court construes the Complaint as suing each individual Defendant in his or her individual capacity.  *See S.A.A.*, 127 F.4th at 1140 ("Punitive damages are not available against government officials sued in an official capacity, so inclusion of punitive damages in a complaint suggests an intent to sue the official in her individual capacity.").

[4] This statement is without prejudice to the remaining Defendants, after service, answering or otherwise responding to the Complaint in any way permitted by the Federal Rules of Civil Procedure.

officers in the alleged constitutional violation). *See, e.g.*, *Lindke v. Freed*, 601 U.S. 187, 194–96 (2024) (citing cases). Savage labels Collin an "off-book confidential informant" simply based on Collin's presence in the car, without describing any concrete acts or communications showing an agreement. (Compl. ¶¶ 11, 14, 16.) These conclusory allegations are insufficient to plausibly plead a section 1983 claim against a private citizen. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (citations omitted).

Therefore, the section 1983 claim against Vander Vegt and Collin is dismissed without prejudice. The claim as against Rosa and Giese, in their individual capacities, remains.

Count II purports to assert *Monell* liability against the City of Cambridge and the County of Isanti. (*See* Compl. at 4.) Count II fails to state a claim. Under *Monell*, a municipality or local government cannot be held vicariously liable for its employees' constitutional torts. *See, e.g.*, *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[A] municipality may not be held liable under section 1983 solely because it employs a tortfeasor."). Instead, a plaintiff must allege that a policy or custom of the relevant local government caused a constitutional violation. *See, e.g.*, *Marsh v. Phelps Cnty.*, 902 F.3d 745, 751–52 (8th Cir. 2018) (discussing *Monell*, 436 U.S. at 690–91). The Complaint alleges no facts identifying a relevant policy or custom of the City of Cambridge or Isanti County. Therefore, the Court dismisses Count II without prejudice.

Count III alleges that all "individual Defendants" conspired to violate Savage's civil rights. Here, Savage invokes 42 U.S.C. §§ 1983 and 1985(3), which the Court will consider in turn.

6

To plead a section 1983 conspiracy, a plaintiff must allege facts supporting a reasonable inference that defendants reached a "meeting of the minds" to commit an unconstitutional act and that the agreement led to an actual constitutional deprivation (i.e., at least one conspirator committed an overt act that injured the plaintiff), not just conclusory labels that defendants worked together. *See Murray*, 595 F.3d at 870. Given the relative lack of detail pleaded in the Complaint, Savage's theory here is difficult to discern. He appears to theorize that Collin provided officials a tip or somehow set him up (Compl. ¶ "22–27" (alleging that "Collin jointly participated as the off-book CI"); Vander Vegt failed to stop and ratified the scheme, (*id.* ¶¶ 20, "22–27" (alleging that Vander Vegt "failed to intervene and ratified the violation" and "witnessed or authorized poor police conduct")); and Rosa and Giese carried out an unconstitutional search and then fabricated probable cause (*id.* ¶¶ 17–19, "22–27"). The Complaint, however, supplies almost no concrete details about when, how, or through what communications any such agreement between these individuals formed; indeed, it entirely omits facts about Collin and Vander Vegt's acts. The Court therefore dismisses Count III without prejudice to the extent it attempts to plead a conspiracy claim under section 1983.

To state a claim under the equal protection provisions of section 1985(3), a plaintiff must make factual allegations to support each of the following four elements: (1) a conspiracy, (2) for the purpose of depriving another of the "equal protection of the laws, or of equal privileges and immunities under the laws;" (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property, or the deprivation of a legal right. *Federer v. Gephardt*, 363 F.3d 754, 757–58 (8th Cir. 2004) (citing *Griffin v. Breckenridge*,

7

403 U.S. 88, 102–03 (1971); 42 U.S.C. § 1985(3)). Such a claim also requires proof of a class-based animus, as well as an allegation that an independent federal right has been infringed. *Id.* Savage's account here does not plausibly allege that any defendant acted because of Savage's membership in some protected class: nothing suggests race, ethnicity, gender, or similar bias motivated the stop, and though Savage references disability in passing (*see* Compl. ¶ 2), he does not allege that defendants targeted him out of any anti-disability animus. Thus, Savage's section 1985(3) claim is dismissed without prejudice.

In summary, much of this case is dismissed, but certain individual-capacity claims remain against Defendants Rosa and Giese. By separate order, the Court will initiate service against those Defendants.

This leaves three pending motions by Savage. (Doc. Nos. 4–6.) The Court denies all three motions without prejudice as premature because the Complaint has not been served, no defendant has appeared, and discovery has not begun.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Count I of Plaintiff Spencer Sterling Savage's Second Amended Complaint (Doc. No. 8 ("Complaint")) is DISMISSED WITHOUT PREJUDICE as against Jonathon Vander Vegt and Kari Sue Collin.

2. Counts II and III of the Complaint are DISMISSED WITHOUT PREJUDICE.

3. Defendants City of Cambridge, County of Isanti, Vander Vegt, and Collin are DISMISSED from this action.

4.     Savage's pending motions at Doc. Nos. 4, 5, and 7 are DENIED WITHOUT PREJUDICE.

Dated: January 22, 2026                       /s/ Jeffrey M. Bryan
                                                        Judge Jeffrey M. Bryan
                                                        United States District Court